# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHNNIE BURSON, individually, ) <br> ANNA BURSON, individually, and ) <br> JOHNNIE and ANNA BURSON, as ) <br> Natural Parents and Next Friends of ) <br> MICHAEL BURSON, a minor, ) <br>      Plaintiffs, ) <br> ) <br> v.                                                                 ) <br> ) <br> STATE FARM MUTUAL AUTOMOBILE ) <br> INSURANCE COMPANY, ) <br> ) <br>      Defendant. ) | Case No. CIV-04-562-SPS |

## OPINION AND ORDER DENYING DEFENDANT
## STATE FARM MUTUAL AUTOMOBILE INSURANCE
## COMPANY'S MOTION FOR SUMMARY JUDGMENT

The Plaintiffs Johnnie and Anna Burson and their son Michael were involved in an automobile accident when they swerved to avoid a vehicle that had overturned in front of them. The Bursons were insured by the Defendant State Farm Mutual Automobile Insurance Company and asserted claims under the uninsured/underinsured motorist ("UM/UIM") provisions of their policy. State Farm concluded that the Bursons' injuries were caused entirely by the negligence of Johnnie Burson and denied the Bursons' UM/UIM claims. The Bursons thereupon sued State Farm in the District Court of Wagoner County for breach of contract and bad faith. State Farm removed the action to this Court and now seeks summary judgment, arguing: (i) the bad faith claim is barred by the existence of a legitimate dispute over whose negligence caused the Bursons' injuries; and, (ii) the breach of contract claim is barred by the Bursons' failure to demonstrate that their injuries exceed any available liability

coverage. *See* Defendant State Farm Mutual Automobile Insurance Company's Motion for Summary Judgment and Brief in Support [Docket No. 39].

Disputes as to material facts preclude summary judgment. *See generally* Fed.R.Civ.P. 56(c) ("The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."). It would appear that there are such disputes in this action, but even if there were not, there *are* disputes as to the proper inferences to be drawn from the material facts. As to bad faith, for example, the reasonableness of State Farm's denial of UM/UIM benefits depends largely (if not completely) on facts that are not in dispute, *i. e.*, State Farm concluded that the Bursons' injuries were caused solely by the negligence of Johnnie Burson essentially on the basis of the Bursons' account of the accident. A jury might infer that this was reasonable for State Farm to do, but it might also infer that it was unreasonable. *See, e. g., Newport v. USAA,* 2000 OK 59, ¶¶ 11-18, 11 P.3d 191, 195-196 (summarizing largely undisputed evidence and determining that "[a] jury could reasonably conclude that USAA was not negotiating in good faith with its insured."). A dispute about the inferences that may reasonably be drawn from material facts not themselves in dispute also precludes summary judgment. *See Brown v. Parker-Hannifin Corp.,* 746 F.2d 1407, 1411 (10th Cir. 1984) ("Where different ultimate inferences may be drawn from the evidence presented by the parties, the case is not one for summary judgment."), *citing United States v. Diebold, Inc.,* 366 U.S. 654, 655 (1962) ("In any event both findings represent a choice

of inferences to be drawn from the subsidiary facts contained in the affidavits, attached exhibits, and depositions submitted below. On summary judgment the inferences to be drawn from the underlying facts contained in such materials must be viewed in the light most favorable to the party opposing the motion.").

The Court finds that "the evidence is such that a reasonable jury could return a verdict for the nonmoving party[,]" *i. e.*, in favor of the Bursons. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Summary judgment is therefore inappropriate, and the Defendant State Farm Mutual Automobile Insurance Company's Motion for Summary Judgment and Brief in Support [Docket No. 39] is hereby DENIED.

**IT IS SO ORDERED** this 25th day of April, 2006.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**