# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHNNIE BURSON, individually, | ) | |
| ANNA BURSON, individually, and | ) | |
| JOHNNIE and ANNA BURSON, as | ) | |
| Natural Parents and Next Friends of | ) | |
| MICHAEL BURSON, a minor, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CIV-04-562-SPS |
| | ) | |
| STATE FARM MUTUAL AUTOMOBILE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER DENYING PLAINTIFFS' MOTION
## FOR NEW TRIAL/MOTION FOR JUDGMENT AS A MATTER OF LAW

The Plaintiffs Johnnie and Anna Burson and their son Michael were involved in an automobile accident when they swerved to avoid a vehicle that had crashed and overturned in front of them. The Bursons claimed injuries and sued their insurer, the Defendant State Farm Mutual Automobile Insurance Company, for benefits under the uninsured/underinsured motorist ("UM/UIM") provisions of their policy. A jury returned verdicts in favor of State Farm on the Bursons' claims for breach of contract and bad faith. The Bursons now seek to overturn the jury's verdicts by their Plaintiffs' Motion for New Trial, Motion for Judgment as a Matter of Law, and Brief in Support [Docket No. 117], in which they contend: (i) that the Court erred in refusing to instruct the jury as to the amount of coverage available under their policy with State Farm and in prohibiting the Bursons' attorney from discussing it during closing argument; and, (ii) that the Court erred in refusing to grant judgment in the Bursons' favor as a matter of law on the issue of whose negligence caused the accident, *i. e.*,

whether the accident was caused by the negligence of the uninsured/underinsured motorist who crashed in front of the Bursons (as they contended) or by the negligence of Johnnie Burson himself (as State Farm contended). For the reasons set forth herein, the Bursons' motion is denied.

First, the Court did not err in refusing to instruct the jury as to the amount of coverage and in prohibiting the Bursons' attorney from discussing it during closing argument. Although the parties stipulated in the Agreed Amended Pretrial Order [Docket No. 76] that the Bursons' insurance policy afforded them uninsured/underinsured motorist coverage in the aggregate amounts of $50,000.00 per person and $100,000.00 per accident, State Farm later claimed this stipulation was erroneous and sought to amend the pretrial order to reflect coverage in the aggregate amounts of $35,000.00 per person and $70,000.00 per accident. *See* Defendant State Farm Mutual Automobile Insurance Company's Motion to Amend Pretrial Order [Docket No. 87]. The Court discussed resolution of this legal issue with the parties in a conference just before the commencement of the trial. The Court reasoned that it was unnecessary for the jury to know the amount of insurance coverage available to decide the factual issues in the case and that a ruling could be deferred until after the trial was concluded, *i. e.*, if the jury found State Farm liable to the Bursons under the insurance policy and fixed the amount of the injuries suffered by the Bursons in the accident, the Court could enter an appropriate judgment based upon the amount of coverage the Court found to be available. *Cf. Tidmore v. Fullman,* 1982 OK 73, ¶ 25, 646 P.2d 1278, 1283 ("The issue of the defendant motorist's negligence and the fact and quantum of plaintiff's damages may

thus be fairly submitted to the jury. In the event that verdict is rendered in favor of the plaintiff, the trial court, armed with the stipulations entered in the case, can properly determine plaintiff's insurer's ultimate liability under the terms of the respective policies, and enter judgment accordingly."). Neither party objected to this approach by the Court.

The jury did, however, hear conflicting evidence about the amount of coverage available under the Bursons' policy. State Farm employees testified that the coverage was $35,000.00 per person and $70,000.00 per accident, while an attorney who previously represented the Bursons testified that their uninsured/underinsured motorist coverage was equivalent to their liability coverage, *i. e.*, that the coverage available to the Bursons under their policy was $50,000.00 per person and $100,000.00 per accident. Neither party objected when this evidence was received, but the Bursons eventually did ask the Court to instruct the jury that the coverage was $50,000.00 per person and $100,000.00 per accident. This was clearly at odds with the Court's decision to defer a ruling on State Farm's motion to amend until after conclusion of the trial, so the Court refused the requested instruction. Undaunted, the Bursons' attorney attempted to instruct the jury himself during closing argument, but the Court would not allow it.

The Court does not find that it erred in refusing to instruct the jury as to the amount of coverage and in refusing to allow the Bursons' attorney to do so during closing argument. *See, e. g., McDonald v. United Airlines, Inc.,* 365 F.2d 593, 595 (10th Cir. 1966) (no error in court's refusal to instruct "the jury or let counsel do so as to the total amount claimed."). But even if there was error, the Bursons are not entitled to an new trial because they cannot

show that any error influenced the jury verdict. *Cf. Ward v. H. B. Zachry Construction Co.,* 570 F.2d 892, 895 (10th Cir. 1978) ("Courts should exercise great caution in setting aside judgments because of the statements of counsel *unless the verdict is influenced thereby.*") [emphasis added]. The jury may have decided in favor of State Farm because it concluded (as State Farm contends) that the sole cause of the accident was the negligence of Johnnie Burson, or because it concluded that none of the Bursons suffered compensable injury arising out of the accident. But the jury could not have decided in favor of State Farm because of a lack of coverage; it was undisputed that uninsured/underinsured motorist coverage was available under the policy if the Bursons suffered injuries caused by the negligence of an uninsured/underinsured motorist. It was therefore unnecessary for the Court or the Bursons' attorney to comment as to the *amount* of coverage. Further, if the Bursons wanted to inform the jury of the amount of coverage available to suggest an appropriate measure of damages (which appears to be the case here), there was clearly no harm done. Immediately after the Court sustained State Farm's objection to comment on the amount of coverage available, the Bursons' attorney asked the jury to award $50,000.00 to Johnnie Burson, $25,000.00 to Anna Burson and $25,000.00 to Michael Burson, "for a total of $100,000.00" on the claims against State Farm for breach of contract. The Court therefore concludes that the Bursons are not entitled to a new trial under Fed. R. Civ. P. 59.

Second, the Court does not find that it erred in refusing to grant judgment as a matter of law in favor of the Bursons on the issue of whose negligence caused the accident. In order to render judgment as a matter of law against State Farm on the issue of whose negligence

caused the accident, the Court would have had to find that there was "no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue[.]" Fed. R. Civ. P. 50(a)(1). The Court could not have so found; there was evidence on which the jury could have concluded that any injuries suffered by the Bursons were caused: (i) solely by the negligence of an uninsured/underinsured motorist; (ii) solely by the negligence of Johnnie Burson; or, (iii) partly by the negligence of both. This was clearly an issue of fact for the jury to determine, and as the Court noted at the time, judgment as a matter of law was inappropriate. The Bursons are therefore not now entitled to judgment as a matter of law or a new trial. *See generally* Fed. R. Civ. P. 50(b)(1) ("In ruling on a renewed motion, the court may . . . (A) allow the judgment to stand (B) order a new trial, or (C) direct entry of judgment as a matter of law[.]").

In summary, the Court finds no error: (i) in its refusal to instruct the jury as to the amount of coverage available under the Bursons' policy with State Farm and to allow their attorney to discuss it during closing argument; or, (ii) in its refusal to grant judgment in the Bursons' favor as a matter of law on the issue of whose negligence caused the accident. Accordingly, the Plaintiffs' Motion for New Trial, Motion for Judgment as a Matter of Law, and Brief in Support [Docket No. 117] is hereby DENIED.

**IT IS SO ORDERED** this 7th day of July, 2006.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**